UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS JR,

               Plaintiff,

   v.

STEVE SANDBERG, *et al.*,

               Defendants.

Case No. C26-701-RSL-MLP

REPORT AND RECOMMENDATION

      Bar-order litigant John Demos has submitted a proposed civil rights complaint for filing. (Dkt. # 1.) He has neither paid the filing fee nor moved to proceed *in forma pauperis* ("IFP"). Regardless, the Court has reviewed the proposed complaint and concludes this matter should be dismissed without prejudice.

      Plaintiff is well-known locally and nationally as an abusive litigant. He is subject to pre-filing bar orders in multiple courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See*, *e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). Because of his extensive history of abusive filings, Plaintiff is permitted to submit only three IFP applications and proposed actions per year in this Court. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16,

REPORT AND RECOMMENDATION - 1

1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Additionally, because Plaintiff has accumulated more than three "strikes" under 28 U.S.C. § 1915(g), he may not proceed IFP unless he plausibly alleges that he was under imminent danger of serious physical injury at the time he filed his complaint. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

Plaintiff may not proceed with this action. First, he has not filed an IFP application. In any event, he has already submitted three IFP applications and proposed actions in this Court this year. *See, e.g.*, *Demos v. The Government Accountability Office*, C26-235-RAJ-DWC (W.D. Wash.); *Demos v. The Government Accountability Office*, C26-238-RSM (W.D. Wash.); *Demos v. The Blackstone Group*, C26-255-JCC (W.D. Wash.). This alone bars him from pursuing this action.

Moreover, in addition to exceeding his annual filing limit, Plaintiff has neither alleged imminent danger nor stated a claim upon which relief can be granted. In his proposed complaint, Plaintiff asserts that several individuals obstructed his right to report federal crimes because he could not dial restricted United States Department of Justice telephone numbers. (*See* dkt. # 1 at 2-4.) The complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews*, 493 F.3d at 1055 (internal citations omitted). It is also patently frivolous and devoid of any non-conclusory factual allegations.

For these reasons, this Court recommends that the proposed complaint (dkt. # 1) be dismissed and that this case be closed. A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION - 2

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 3, 2026**.

The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to the Honorable Robert S. Lasnik.

Dated this 13th day of March, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3