UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

            Plaintiff,

    v.

STEVE SANDBERG, *et al*.,

            Defendants.

CASE NO. 2:26-cv-701-RSL

ORDER ADOPTING REPORT AND
RECOMMENDATION

This matter comes before the Court on plaintiff's objections (Dkt. # 3) to the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. # 2).

Plaintiff is a prolific and abusive litigant subject to a pre-filing bar order in this Court. *See In re John Robert Demos*, MC91-269-CRD, Dkt. 1 (W.D. Wash. Jan. 16, 1992) ("Bar Order"). The Bar Order limits plaintiff to no more than three *in forma pauperis* ("IFP") applications and proposed actions per calendar year—a limitation he has already exceeded. *See*, *e.g.*, *Demos v. Government Accountability Office*, C26-235-RAJ (W.D. Wash.); *Demos v. Government Accountability Office*, C26-238-RSM (W.D. Wash.); *Demos v. Blackstone Group*, C26-255-JCC (W.D. Wash.). The Bar Order further provides that any complaint, whether submitted with a filing fee or an IFP application, "will not be

ORDER ADOPTING REPORT AND
RECOMMENDATION - 1

accepted for filing unless the complaint is accompanied by an affidavit that the claims presented have not been presented in any other action in any court and that [plaintiff] can and will produce evidence to support his claims." *Id*. at 3. In addition, because plaintiff has accumulated more than three "strikes" under 28 U.S.C. § 1915(g), he may not proceed IFP unless he plausibly alleges that he is under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

Plaintiff has not complied with the requirements governing his filings in this Court. He has exceeded the three-filing limit for the current calendar year and failed to submit the required affidavit. Nor has he plausibly alleged that he is under imminent danger. Construed liberally, plaintiff's objections do not meaningfully address, let alone rebut, these deficiencies. Plaintiff's failure to confront these deficiencies is sufficient, standing alone, to overrule his objections and adopt the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (the court is not required to review "any issue that is not the subject of an objection"). The Court therefore need not—and does not—reach plaintiff's remaining objections, which are scattershot, untethered to the Report and Recommendation, and not clearly articulated. *See United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) (district court has "no obligation to provide individualized analysis of each objection").

Accordingly, the Court finds and ORDERS:

(1) The Report and Recommendation (Dkt. # 2) is ADOPTED;

(2) Plaintiff's proposed complaint (Dkt. # 1) is DISMISSED without prejudice; and

ORDER ADOPTING REPORT AND
RECOMMENDATION - 2

(3) The Clerk is directed to send copies of this Order to Plaintiff and to Judge Peterson.

Dated this 6th day of April, 2026.

Robert S. Lasnik
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION - 3